# BANK OF AMERICA *v.* WHITNEY CENTRAL NATIONAL BANK.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF NEW YORK.

No. 205.  Argued January 15, 1923.—Decided February 19, 1923.

A national bank *held* not suable in a State where it had no place of business, resident officers or employees or business attended to by its officers or employees, but where deposits were kept and business transacted on its behalf by local banks as its correspondents. P. 172.

Affirmed.

ERROR to an order of the District Court setting aside an attempted service of summons.

*Mr. Henry Root Stern,* with whom *Mr. George N. Hamlin* was on the brief, for plaintiff in error.

*Mr. Martin Conboy* and *Mr. J. Blanc Monroe,* with whom *Mr. Monte M. Lemann* was on the brief, for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The Bank of America, a New York corporation, brought this action in the federal court for the Southern District of New York, against the Whitney Central National Bank, which has its banking house and usual place of business at New Orleans, Louisiana. Service of process was made solely by delivering a summons to its president while temporarily in New York. Defendant appeared specially; challenged the jurisdiction of the court; and moved that the service be set aside. The questions of fact arising on the motion were referred to a special master to take proofs and make findings. The motion was heard upon his report; and the service was set aside

on the ground that defendant was not amenable to process within the district. The case is here under § 238 of the Judicial Code; the question of jurisdiction having been duly certified. The sole question for decision is whether, at the time of the service of the process, defendant was doing business within the district in such manner as to warrant the inference that it was present there. *Philadelphia & Reading Ry. Co.* v. *McKibbin,* 243 U. S. 264, 265; *Rosenberg Bros. & Co.* v. *Curtis Brown Co.,* 260 U. S. 516.

The facts relied upon to establish presence of the defendant within the district consist wholly of its relations to the Hanover National Bank and five other banks, whose places of business are located in New York, and of transactions conducted through them. Each of these six banks is, what is commonly called, a correspondent of the defendant. In each the Whitney Central carries continuously an active, regular deposit account. But its transactions with these banks are not limited to making deposits and drawing against them. Superimposed upon the simple relation of bank and depositor are numerous other transactions which necessarily involve also the relationship of principal and agent. These additional transactions conducted by the correspondent banks include: payment in New York of drafts drawn, with accompanying documents, against letters of credit issued by defendant at New Orleans; the receipt in New York from brokers and others of securities in which the Whitney Central or its depositors are interested, and the delivery of such securities; the making of payment to persons in New York for such securities; the holding of such securities on deposit in New York for long periods and arranging substitution of securities; the cashing, under specific instructions from defendant given in New Orleans, of checks drawn on it by third parties with whom it had no banking or deposit relations; the receipt in New York

from third parties, with whom defendant apparently had no banking relations, of deposits of moneys for account of its customers.

The Whitney Central had what would popularly be called a large New York business. The transactions were varied, important and extensive. But it had no place of business in New York. None of its officers or employees was resident there. Nor was this New York business attended to by any one of its officers or employees resident elsewhere. Its regular New York business was transacted for it by its correspondents—the six independent New York banks. They, not the Whitney Central, were doing its business in New York. In this respect their relationship is comparable to that of a factor acting for an absent principal. The jurisdiction taken of foreign corporations, in the absence of statutory requirement or express consent, does not rest upon a fiction of constructive presence, like *qui facit per alium facit per se.* It flows from the fact that the corporation itself does business in the State or district in such a manner and to such an extent that its actual presence there is established. That the defendant was not in New York and, hence, was not found within the district is clear.

Whether a national bank could under any circumstances be subjected, without its consent, to suit in a State or district, other than that in which it is authorized to locate its banking house, we have no occasion to consider in this case.[1]

*Affirmed.*

---

[1] See Revised Statutes, § 5190, and other acts concerning the place in which a national bank may do business. 29 Ops. Atty. Gen. 81, 98; and concerning the district in which a national bank may be sued. See Revised Statutes, § 5198; Act July 12, 1882, c. 290, § 4, 22 Stat. 162; Act August 13, 1888, c. 866, § 4, 25 Stat. 433; Judicial Code, subdiv. 16 of § 24; *First National Bank of Charlotte* v. *Morgan,* 132 U. S. 141, 145; *Continental National Bank of Memphis* v. *Buford,* 191 U. S. 119, 123, et seq.