**NARRAGANSETT COTTON MILLS, Inc., v. STOCKTON COMMISSION CO., Inc.**

(District Court, D. Rhode Island. June 12, 1925.)

No. 1601.

Courts ⬿274 — Corporation held not doing business in state, so as to be subject to service there.

The only office maintained by defendant, a Delaware corporation, was in New York City, where its books and records were kept. It had acted as agent for plaintiff, located in Rhode Island, and for others in that state, but had never maintained an office, kept a bank account, owned property, or employed an officer in that state. Held, that it was not doing business in that state, and that a federal court therein did not acquire jurisdiction over it by service on one of its officers temporarily in the state.

At Law. Action by the Narragansett Cotton Mills, Inc., against the Stockton Commission Company, Inc. On defendant's motion to quash the writ, vacate and set aside return of service, and dismiss the action. Motion granted.

Arthur Cushing, of Providence, R. I., for plaintiff.

Claude R. Branch and Elmer Tufts, Jr., both of Providence, R. I., for defendant.

BROWN, District Judge. The principal question for decision is whether at the time of the service of the writ the defendant, a corporation of the state of Delaware, having its office and principal place of business in New York City, was doing business within the district of Rhode Island in such manner as to warrant the inference that it was present there.

"That jurisdiction over a corporation of another state cannot be acquired in a district in which it has no place of business and is not found, merely by serving process upon an executive officer temporarily therein, even if he is there upon business of the company, has been settled." Lumiere v. Wilder, Inc., 261 U. S. 174, 177, 43 S. Ct. 312, 67 L. Ed. 596; Bank of America v. Whitney Bank, 261 U. S. 171, 173, 43 S. Ct. 311, 67 L. Ed. 594; Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U. S. 516, 43 S. Ct. 170, 67 L. Ed. 372; Philadelphia & Reading R. Co. v. McKibbin, 243 U. S. 264, 37 S. Ct. 280, 61 L. Ed. 710.

The plaintiff is a Rhode Island corporation which by agreement in writing, dated October 30, 1919, had constituted the defendant as its sole selling agent for a period of three years. During this period the defendant negotiated a contract between the plaintiff and the Goodyear Tire & Rubber Company of Akron, Ohio, whereby the latter agreed to buy the output of the plaintiff's mills. The original agency contract had expired so far as new business was concerned in 1922, though the relations between the plaintiff and the Goodyear Tire & Rubber Company continued until the year 1923, goods being shipped by the plaintiff to the Goodyear Company. The plaintiff forwarded to the defendant at New York the bills of lading with plaintiff's invoices. The defendant forwarded to the Goodyear Company its own invoices, together with the bills of lading, whereupon the Goodyear Company paid the purchase price to the defendant which deducted its commission and forwarded the balance from New York to the plaintiff.

In September, 1923, the Goodyear Company refused to accept further deliveries from the plaintiff, and on December 5, 1923, the plaintiff notified the defendants not to further act as its agent, representative, or attorney in any manner.

It appears that the present action in assumpsit is based upon claims of breaches of contract and upon transactions preceding December 5, 1923. Though no further business was transacted, the controversies as to past transactions continued in existence up to May, 1924, and on May 20, 1924, the defendant's vice president and treasurer, J. P. Stockton, having made plans to be in Rhode Island to participate in a tennis tournament, wrote the plaintiff a letter stating: "It is

quite probable that the writer will be in Providence for two or three days commencing June 3d, when, if you desire, we can have a conference concerning this situation." On June 3d, as Mr. Stockton came upon the tennis courts to play a match, he was served with a copy of the writ in this cause.

It is apparent that the expired agency agreement, the Goodyear contract, the occasional visits by defendant's officers to Rhode Island during the period prior to the termination of the Goodyear contract, the amount of the business conducted under these contracts, and the fact that the defendant was also sales agent in New York for another corporation having its place of business in Providence, R. I., do not, in the aggregate, as plaintiff contends, support the inference that the defendant corporation was present in Rhode Island at the time of the service of the writ.

The defendant, acting as sales agent for various manufacturing corporations, including the plaintiff, was conducting its business in the city of New York. It never maintained an office or desk room or had a bank account in this district, nor owned property nor employed officers therein. All of its books of account and other records have always been in New York. In the face of these facts we cannot take jurisdiction upon a fiction of a constructive presence of the defendant in Rhode Island.

In Bank of America v. Whitney Bank, 261 U. S. 171, 173, 43 S. Ct. 311, 312, 67 L. Ed. 594, it was said: "Its regular New York business was transacted for it by its correspondents—the six independent New York banks. They, not the Whitney Central, were doing its business in New York. In this respect their relationship is comparable to that of a factor acting for an absent principal. The jurisdiction taken of foreign corporations, in the absence of statutory requirement or express consent, does not rest upon a fiction of constructive presence, like 'qui facit per alium facit per se.' It flows from the fact that the corporation itself does business in the state or district in such a manner and to such an extent that its actual presence there is established."

The plaintiff cites decisions of the Supreme Court in certain insurance cases which are clearly not applicable to the facts of the present case. Plaintiff also cites decisions to the effect that the presence of representatives for the purpose of settling controversies is sufficient to authorize an inference that the foreign corporation was present in the district of the plaintiff's residence. In view of

the decisions of the Supreme Court which we have cited, and of many other well-considered federal cases, we must regard this contention as contrary to the weight of authority.

The motion to quash and to dismiss will be granted. A draft order to that effect may be presented accordingly.