## GUERRA v. LEMBURG et al. (No. 8260.)

Court of Civil Appeals of Texas. San Antonio.
Oct. 30, 1929.

Rehearing Denied Dec. 11, 1929.

Seabury, George & Taylor, of Brownsville, for appellant.

E. B. Ward, of Corpus Christi, and B. D. Kimbrough, of McAllen, for appellees.

FLY, C. J. This is an appeal from a judgment on a plea of privilege filed by the Commercial State Bank of Sinton, the City National Bank of Corpus Christi, and Clark Pease, president of the last-named bank, to be sued in San Patricio and Nueces counties, respectively. The pleas were controverted, but were sustained by the court. Lemburg lived in Hidalgo county, and fraud on the part of the banks in Hidalgo county and agency for them of Lemburg were the grounds for the joinder of the parties, and on those grounds the suits were instituted in Hidalgo county. The City National Bank not only claimed the right under the state law to be sued in Nueces county, but also under a statute of the United States, which it is claimed denies a suit against a national bank, except in the county of its domicile.

■ Under the state law, the alleged fraud in procuring the promissory note of appellant was sufficient to place the venue in Hidalgo county. If, as alleged, false representations were made in Hidalgo county, as to what Pease intended to do, and as to the solvency of the First National Bank at McAllen, and those representations were made as the president of the Corpus Christi Bank and in its interest, the suit was properly brought in Hidalgo county, under Texas law. Appellant sought to cancel the notes given by him, alleging fraud on the part of Pease and the two banks in procuring the notes. Rev. Stats. 1925, art. 1995, subd. 7, as amended by the Fortieth Legislature, First Called Session, p. 197, c. 72.

However, it is the contention of appellees that under the federal statute a national bank can only be sued in a state court in the county of its domicile, and we are cited to a statute passed by Congress in 1875 to sustain the contention, and the case of First Nat. Bank of Charlotte v. Morgan, 132 U. S. 141, 145, 10 S. Ct. 37, 33 L. Ed. 282, which explains the reason for the enactment of the statute and construes its provisions. The statute of 1875 (12 USCA § 94) gives jurisdiction over national banks in state courts "in the county or city in which said association is located having jurisdiction in similar cases." Judge Harlan, of the United States Supreme Court, held that, in the case he was considering, penalties were sought in a state court arising from the payment of usurious interest, and that the acts of 1864 and 1875 were enacted for the purpose of extending the jurisdiction theretofore given state courts to penalties which before the enactment of the statute named had been denied state courts. The Supreme Court construed the language of the act of 1875 as to venue to refer to penalties alone, and says that exemption from suits, except in the county of the domicile, was enacted to "prevent interruption in their business that might result from their books being sent to distant counties in obedience to process from state courts." The court proceeded upon the theory that in all cases for penalties against national banks it would be necessary to have their books in court. Of course the reasoning could not apply to cases in which there could be no necessity for carrying the account books to court. The scope of the decision must be limited to actions for penalties in cases of usury. The cases of Van Reed v. People's National Bank, 198 U. S. 554, 25 S. Ct. 775, 49 L. Ed. 1161, 3 Ann. Cas. 1154, and Bank of America v. Whitney Cent. Nat. Bank, 261 U. S. 171, 43 S. Ct. 311, 67 L. Ed. 594, do not sustain the contention of appellees, but refer in the case of the state court to jurisdiction sought to be obtained by attachment and in the other to service in a federal court. No doubt that Congress has the right to determine the jurisdiction of state courts over national banks, its creatures, and that is all that is determined in the case of Hartman v. Keys (Tex. Civ. App.) 198 S. W. 1002. The court, in the last-cited case, was construing a federal statute forbidding the issuance of an attachment, injunction, or execution against a national bank from a state court. In section 785, Barnes' Federal Code, 1919, subd. 16 (28 USCA § 41(16), national banks are declared to be, for the purposes of all other actions except those enumerated, against or by them, for property, real, personal, or mixed, and suits in equity, citizens of the states in which they are respectively located. Being citizens of a state carries with such citizenship the burdens, as well as the privileges, pertaining to it. This is provided in subdivision 4, § 9161 (12 USCA § 24(4), as to national banks, where they are given the power "to sue and be sued, complain and defend, in any court of law and equity, as fully as natural persons."

■ In conferring jurisdiction generally upon state courts in regard to suits against national banks, no mention is made of the statute of 1875, relied upon by the bank, but the provision in question is embodied in section 9232, Barnes' Fed. Code, under the head "Usurious Interest" (12 USCA §§ 86, 94), showing conclusively that no provision preventing national banks from being sued in state courts, under any and all other circumstances, in any other than the county of the domicile is in existence. The provision has reference alone to actions for penalties arising from usury, which is legislated against in the paragraph cited. The law does not apply to any other class of actions, and in all other suits national banks are citizens of the state in which they are located, clothed with the privileges of citizenship, and subject to any burdens and liabilities attached thereto.

The judgment is reversed, and the cause remanded for trial in the district court of Hidalgo county.