HAROLD G. HOFFMAN, PLAINTIFF, v. BOAKE CARTER
ET AL., DEFENDANTS.

Argued October 7, 1936—Decided October 23, 1936.

Before Justices TRENCHARD, BODINE and HEHER.

For the plaintiff, *Green & Green* (*Harry Green*).

For the defendants, *Pitney, Hardin & Skinner*.

BODINE, J.   Plaintiff seeks to recover damages by reason of alleged defamation.   The complaint alleges that the words complained of were spoken by one Boake Carter who was employed by WCAU Broadcasting Company, Atlantic Broadcasting Corporation, Columbia Broadcasting System, Incorporated, Philco Radio and Television Corporation, Philco Radio and Television Corporation of New York, Philco Radio and Television Corporation of Pennsylvania, and Philadelphia Storage Battery Company, or by one or more of the said defendants, to broadcast items of interest and news of the day and to advertise the products of the defendants Philco Radio and Television Corporation, Philco Radio and Television Corporation of Pennsylvania, and Phila-

delphia Storage Battery Company, to radio audiences and listeners throughout the United States, through the facilities provided by the defendant Columbia Broadcasting System, Incorporated, which said broadcasts emanated from radio station WCAU of Philadelphia, owned and operated by the defendant WCAU Broadcasting Company, and broadcast over and through the facilities of radio station WABC, owned and operated by the defendant Atlantic Broadcasting Corporation.

The defendants, Philco Radio and Television Corporation, a Delaware corporation, and Philco Radio and Television Corporation of Pennsylvania, a Delaware corporation, Philadelphia Storage Battery Company, a Pennsylvania corporation, Columbia Broadcasting System, Incorporated, a New York corporation, moved to set aside the alleged service of process and obtained a rule returnable before this court for that purpose. The four corporations in question are foreign corporations not licensed to do business in New Jersey.

The Philco Radio and Television Corporation, a Delaware corporation, maintains no office, owns no real estate, has no factory or warehouse and maintains no bank account in this state. Its office is in Philadelphia, where it purchases radios, and radio supplies, from the Philadelphia Storage Battery Company having an office and plant in that city. The radios and radio parts are sold to wholesale distributors who do business at different points throughout the United States. All sales are made at Philadelphia where orders are accepted or rejected and where accounts are payable.

Philco Radio and Television Corporation of New York, Fineberg Brothers, and Philco Radio and Television Corporation of Pennsylvania sell to local dealers within this state. Storage batteries are sold to a different group of distributors, including Charles W. Krieg, Incorporated, of 52 Dickerson Street, Newark. Sales are made in Philadelphia. The Philco Radio and Television Corporation conducts national advertising schemes and send salesmen or soliciting agents to its distributors, including its distributors in New Jersey. Orders obtained by solicitors are subject to acceptance or rejection in Philadelphia. The stocks of materials in the possession

of the wholesale distributors, both of storage batteries and of radios and radio accessories, are the property of the distributors.

The defendant Philco Radio and Television Corporation of Pennsylvania, is also a Delaware corporation not licensed to do business in New Jersey. It is one of the wholesale distributors of the Philco Radio and Television Corporation. It and the Philco Radio and Television Corporation of New York are subsidiaries of the Philco Radio and Television Corporation. The control is effected by stock ownership. The Philco of Pennsylvania has no office, agency or place of business in this state. It owns no real estate and has no bank account in New Jersey. Its sales to dealers in South Jersey are negotiated by solicitors working out of the Pennsylvania office and the orders received are subject to acceptance or rejection in Pennsylvania. All accounts are payable in Pennsylvania and deliveries are made from that state.

. The Philadelphia Storage Battery Company is also a Pennsylvania corporation. It has an office and plant in Philadelphia and, as before noted, sells a part of its output to the Philco Radio and Television Company in Philadelphia. It has no plant, office, agency or bank account in this state. Its stockholders are entirely different from the stockholders of the Philco Radio and Television Corporation.

Columbia Broadcasting System, Incorporated, is a New York corporation with offices in New York City, engaged in a program service and sales business. By arrangements with one hundred and four stations throughout the United States, Columbia Broadcasting System, Incorporated, furnishes programs for these radio stations. The programs may emanate from the studios of any of the stations, and they may be broadcast through the transmitting equipment of any of the stations. Leased wires are used to carry programs from city to city. However, it does not own and operate and is not licensed by the federal authorities to own or operate any radio station.

The testimony indicates that the usual method of making "station" and "system" or "network" announcements is used. At certain times, announcement has been made identifying

station WABC as "station WABC of the Atlantic Broadcasting Corporation owned and operated by Columbia Broadcasting System." Station WABC is owned by the Atlantic Broadcasting Corporation. The license is held by it. It is not lawful, without such a license, to use or operate any apparatus. Even if the Columbia Broadcasting System, Incorporated, owned the Atlantic Broadcasting Corporation this would not constitute the doing of business in New Jersey, since the operation of station WABC at Wayne, Passaic county, was by another corporation and any act of the Columbia Broadcasting System was done in the State of New York. The mere use by station WABC of the energy transmitted from New York would be an independent act of Atlantic Broadcasting Corporation, because but for its independent act nothing would transpire in this state.

Undoubtedly, the Atlantic Broadcasting Corporation may be viewed as a subsidiary of the Columbia Broadcasting System. But the circumstance that the Atlantic Broadcasting System does engage in business in New Jersey does not bring the Columbia Broadcasting Corporation, Incorporated, within the jurisdiction of this court.

In *Cannon Manufacturing Co.* v. *Cudahy Packing Co.,* 267 *U. S.* 333, the objection to the maintenance of the suit was that the court lacked jurisdiction because the defendant, a foreign corporation, was not within the state. Mr. Justice Brandeis said: "The question is simply whether the corporate separation must be ignored in determining the existence of jurisdiction. The defendant wanted to have business transactions with persons resident in North Carolina, but for reasons satisfactory to itself did not choose to enter the state in its corporate capacity. It might have conducted such business through an independent agency without subjecting itself to the jurisdiction. *Bank of America* v. *Whitney Central National Bank,* 261 *U. S.* 171. It preferred to employ a subsidiary corporation. Congress has not provided that a corporation of one state shall be amenable to suit in the federal court for another state in which the plaintiff resides, whenever it employs a subsidiary corporation as the instrumentality for doing business therein. Compare *Lumiere* v.

*Mae Edna Wilder, Inc.,* 261 *Id.* 174, 177, 178. That such use of a subsidiary does not necessarily subject the parent corporation to the jurisdiction was settled by *Conley* v. *Mathieson Alkali Works,* 190 *Id.* 406, 409, 411; *Peterson* v. *Chicago, Rock Island and Pacific Railway Co.,* 205 *Id.* 364, and *People's Tobacco Co., Ltd.,* v. *American Tobacco Co.,* 246 *Id.* 79, 87. In the case at bar, the identity of interest may have been more complete and the exercise of control over the subsidiary more intimate than in the three cases cited, but that fact has, in the absence of an applicable statute, no legal significance. The corporate separation, though perhaps merely formal, was real."

In *Consolidated Textile Corp.* v. *Gregory,* 289 *U. S.* 85, it was said "the general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted."

It was said in *Ross* v. *Pennsylvania Railroad,* 106 *N. J. L.* 536 (at *p.* 539): "Where a corporation holds stock of another, not for the purpose of participating in the affairs of the other corporations in the normal and usual manner, but for the purpose of control, so that the subsidiary company may be used as a mere agency or instrumentality for the stockholding company, such company will be liable for injuries due to the negligence of the subsidiary, and the mere fact that an accident is caused by the negligence of persons in the employ of the subsidiary will not relieve the dominant company of responsibility." But this statement was not intended and could not change the established rule as to the service of process as directed by the statutes of this state. Where a corporation exists under the laws of a foreign state and has never transacted business in this state and no office, agent, agency or place of business has been set up such corporation is not amenable to the service of process out of the courts of this state. *Wilson* v. *American Palace Car Co.,* 65 *N. J. Eq.* 730.

"A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there. And even if it is doing business within the state the process will be valid only if served upon some authorized agent." *Philadelphia and Reading Railway* v. *McKibbin,* 243 *U. S.* 265.

When orders are solicited but are not accepted in this state, there is no doing of business in this state. *Wood & Selick* v. *American Grocery Co.,* 96 *N. J. L.* 218; *Dickerson* v. *Levine,* 98 *Id.* 313; *Jager* v. *Breslow,* 9 *N. J. Mis. R.* 1069. Nor does the demonstration of firearms resulting in injury to plaintiff in this state bring the corporation within the jurisdiction of this court. *McClelland* v. *Colts Patent Arms Mfg. Co.,* 10 *N. J. Mis. R.* 156.

"The business of soliciting display advertising, combined with no other function than to send for approval to the defendant the orders obtained, would hardly be a reason for concluding that a foreign corporation engaged in the business of publishing a newspaper had subjected itself to the local jurisdiction." *Lauricella* v. *Evening News Publishing Co.,* 15 *Fed. Supp.* 672.

Since the rule of law is made so perfectly clear by our own decisions and by the decisions of the Supreme Court of the United States, it seems unnecessary to refer to or distinguish other authorities cited in the briefs of counsel.

The service of process upon the Philco Radio and Television Corporation of Delaware, the Philco Radio and Television Corporation of Pennsylvania, a Delaware corporation, the Philadelphia Storage Battery Company and Columbia Broadcasting System, Incorporated, was clearly illegal and void and must be set aside with costs.