UNION INTERNATIONALE DE PLACEMENTS v. HOEY.

No. 292.

Circuit Court of Appeals, Second Circuit.

May 2, 1938.

Appleton, Rice & Perrin, of New York City (Lee J. Perrin and Clifton S. Thomson, both of New York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (John W. Knox, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

Action by appellant to recover federal capital stock taxes paid for the years 1933, 1934, and 1935, section 215(b) of the N.I. R.A., Act June 16, 1933, 48 Stat. 207; section 701(b), of the Revenue Act of 1934, 48 Stat. 769, 26 U.S.C.A. § 1358(b). Appellant, a foreign corporation organized under the laws of the Grand Duchy of Luxembourg, on demand of appellee, paid the taxes for these years on March 5, 1937. It is a foreign investment corporation organized for the purpose of acquiring and managing a portfolio of liquid investments. During the years in question it bought and sold securities in the United States through domestic banks and brokerage firms. The order to buy or sell was given either from Luxembourg or from Paris by cable or letter or, in certain instances, by telephone message to a branch office of one of these agencies in Paris. Appellant borrowed money in New York City against these securities and maintained with the New York banks current deposits and "security custody accounts." Its investments here at no time were more than from one-sixth to one-third of its total resources. It had no director or officer in the United States and it never maintained any office or place of business here. It filed an income tax return and paid taxes shown thereon to be due with respect to income received by it from sources within the United States.

The capital stock tax is an excise tax. See Corporation Tax Law 1909, § 38, 36 Stat. 112; section 407, Revenue Act of 1916, 39 Stat. 789; section 1000(a) (2), Revenue Act of 1918, 40 Stat. 1126. It is a tax on the privilege of doing business in corporate form. Flint v. Stone Tracy Co., 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas. 1912B, 1312; New Haven Securities Co. v. Bitgood, 2 Cir., 87 F.2d 759. The federal government can tax a foreign corporation that carries on or does business anywhere in the United States. Section 215(b) of the N.I.R.A., Act June 16, 1933, 48 Stat. 207; section 701(b) Revenue Act of 1934, 26 U.S.C.A. § 1358(b).

The corporate franchise of a foreign corporation is granted outside the taxing jurisdiction and such corporation therefore is not necessarily present as a corporation within the taxing jurisdiction. Consequently, business transactions within the taxing jurisdiction for the account of the foreign corporation do not necessarily involve the doing of busi-

ness within the jurisdiction. The question, therefore, arises whether or not the foreign corporation was present as a corporation within the taxing jurisdiction. Only when it is so present does it become relevant to consider the nature and degree of its business activities within the jurisdiction for the purpose of taxation. Butler Bros. Show Co. v. U. S. Rubber Co., 8 Cir., 156 F. 1; Procter & Gamble Co. v. Newton, D.C., 289 F. 1013. To subject such a corporation to taxation for doing business, the transactions must not only show that the corporation was present, but also that it was active.

Carrying on or doing business has received construction in the cases involving the amenability of a corporation chartered in one jurisdiction to the service of process in another jurisdiction. Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 115 N.E. 915. In such cases, as in taxation and regulation cases, it has been held essential that the foreign corporation be present as a corporation in the sense of having a place of business or a branch office or an agent or representative. People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 86, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537; Henry M. Day & Co. v. Schiff, Lang & Co., D.C., 278 F. 533. In Bank of America v. Whitney Central Bank, 261 U.S. 171, 43 S.Ct. 311, 312, 67 L.Ed. 594, the court held that a foreign corporation not otherwise sufficiently present as a corporation to render it amenable to service of process does not become so because of general securities and financial transactions effected through local banks and brokers, and said: "Nor was this New York business attended to by any one of its officers or employees resident elsewhere. Its regular New York business was transacted for it by its correspondents —the six independent New York banks. They, not the Whitney Central, were doing its business in New York."

■ This appellant could come into the jurisdiction and be present here only by sending into the jurisdiction or maintaining here its officers or other agents. Independent banks and brokerage houses within the jurisdiction transacting business, as here, do not become such an agent merely because the foreign corporation is one of their customers. The mere fact that an independent local establishment undertakes a series of agency transactions in the course of its own business does not make its own presence the presence of the foreign corporation. Bank of America v. Whitney Central Bank, supra; Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S. Ct. 250, 69 L.Ed. 634. By conducting its business as it did here, the appellant in no way exercised the privilege of doing business as a corporation within the jurisdiction, which is the test of liability to the capital stock tax.

■ However, article 53, Regulations 64, issued in conjunction with the Revenue Act of 1934, contains this language: "The purchase or sale of commodities or other property in the United States in furtherance of efforts in the pursuit of profit or gain is carrying on or doing business." But in section 211(b) of the 1936 Revenue Act, 49 Stat. 1714, 26 U.S.C.A. § 210(b), when a new taxing statute was passed (taxing aliens engaged in business in the United States), an amendment was introduced in the Senate which excluded from the phrase "engaged in trade or business within the United States," "the effecting of transactions * * * in stocks, securities, or commodities through a resident broker, commission agent, or custodian" and the Commissioner extended this to the stock corporation tax by article 34, Regulations 64, as amended in 1936 by T.D. 4691 (1936), and G.C.M. 17014 (1936). This amendment clarified the language of the new section, although it did not expressly extend it over into the capital stock tax. However, what constitutes being "engaged in trade or business within the United States" was not inserted in section 211(b) solely as part of the new plan. It was a clarification of the same expression and its equivalent previously used in taxing statutes. The definition now contained in section 211(b) became a part of the Revenue Act of 1936 after the Senate had recommended that the definition be inserted for purposes of clarification. This indicates that the Treasury Department, in attempting to impose the capital stock taxes here for the years in question, was doing so in violation of the intent of Congress as expressed in the clarifying definition contained in section 211(b) of the Revenue Act of 1936.

The tax was improperly imposed and the judgment is reversed.