ALONZO N. LABONTE *v.* AMERICAN MERCURY MAGAZINE, INC. & a.

*Hughes & Burns, Donald R. Bryant* and *Rich & Burns* (*Mr. Bryant* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Booth* orally), for the defendant Mercury.

*Sulloway, Jones, Hollis & Godfrey* for the Rumford Printing Company, filed no brief.

KENISON, C. J.   The principal issue in this case is whether a foreign corporate publisher of a magazine printed in this state was doing business in New Hampshire so that it was validly served with process for an alleged libel. Our inquiry is limited to jurisdiction for service of process and is not concerned with jurisdiction for taxation, license or other purposes. While many of the persuasive authorities cited are federal cases, the issue to be decided is one of state law. See *Perkins* v. *Benguet Mining Co.,* 342 U. S. 437.

The defendant relies in part on the reasoning in *Campbell* v. *Corporation,* 86 N. H. 310, and *Bank of America* v. *Whitney Bank,* 261 U. S. 171, for the proposition that Mercury was not doing business in this state. These cases may have been authority for that proposition twenty or thirty years ago but later decisions make the issue more debatable. Today in determining whether a foreign corporation shall be subject to local process, the theories of implied consent and corporate presence have been discarded in favor of the "fair play and substantial justice" rule formulated in *International Shoe Co.* v. *Washington,* 326 U. S. 310, 320, and followed with approval in subsequent cases. *Travelers Health Ass'n* v. *Virginia,* 339 U. S. 643. That rule is considered more convincing in this jurisdiction than the cases cited by the defendant. *Grace* v. *Company,* 95 N. H. 74, 76. Federal decisions extending and applying the rule were followed in the recent case of *Taylor* v. *Company,* 97 N. H. 517, 521. While it is true that the rule of *International Shoe* lacks definite preciseness in its application, it is quite clear that state jurisdiction is now exercised over

foreign corporations in instances where it was formerly considered impossible. Almost all cases of libel actions against foreign publishing corporations were dismissed on jurisdictional grounds before the decision in *International Shoe*. See *Street & Smith Publications* v. *Spikes*, 120 F. (2d) 895; *Whitaker* v. *Macfadden Publications*, 105 F. (2d) 44; *Cannon* v. *Time*, 115 F. (2d) 423. At the present time libel actions against foreign corporations may be dismissed but the approach thereto is not as strict as formerly existed. See Note, 16 U. Chi. L. Rev. 523; annotations 96 L. *ed.* 495 and 94 L. *ed.* 1167, 1178.

Several factual considerations are urged to show that Mercury is not doing business in this state. It has no telephone, office or designated agent in this state and none of its officers or employees permanently reside or work here. Less than one per cent of its national circulation is in New Hampshire. The activities in this state that are done on behalf of Mercury are carried on by the employees of the defendant, Rumford Printing Company, a New Hampshire corporation pursuant to the oral contract with Mercury. It is therefore argued that Mercury is not subject to process in New Hampshire and reliance is also placed on *Cannon Mfg. Co.* v. *Cudahy Packing Co.*, 267 U. S. 333; *Polizzi* v. *Cowles Magazine, Inc.*, 197 F. (2d) 74; *Bank of America* v. *Lima*, 103 F. Supp. 916.

The plaintiff emphasizes other facts to demonstrate that Mercury is doing business in this state. The assembling, printing and binding of the magazine by Rumford for Mercury is a systematic and continuous activity which is done under orders, instructions and inspections by Mercury. The mailing, shipping, addressing and storage of the magazine by Rumford has been authorized by Mercury. Rumford as agent for Mercury receives and forwards mail received here. Rumford advances transportation, shipping and postage costs and is reimbursed by Mercury. While the editorial work is performed in New York, some checking of final page proof is done by a representative of Mercury in New Hampshire. Plaintiff maintains that the printing and related activities by Rumford for Mercury constitutes doing business in New Hampshire and cites *Consolidated Cosmetics* v. *D-A Publishing Co.*, 186 F. (2d) 906, as supporting authority.

While the concept of doing business is a legal one, it should bear some relation to the concept of doing business in a commercial sense. Certainly the printing and distribution of a magazine is an essential part of the publication of magazines in both a legal and commercial sense. If the plaintiff has a cause of action for libel, the state where the libelous magazine is systematically printed and distributed may

assume jurisdiction without offending " . . . our traditional conception of fair play and substantial justice." *International Shoe Co.* v. *Washington, supra*, 320. Any libel that may have been committed by Mercury is sufficiently connected with its printing and distribution in this state "to satisfy the primary requirements of the" cited case. *Taylor* v. *Company*, 97 N. H. 517, 521. We conclude that Mercury was doing business in this state to the extent that service of process can be made on it here. Since service on the Secretary of State was a permitted method of service, although not exclusive (R. L., *c.* 280, as amended by Laws 1949, *c.* 206, *ss.* 4, 8), it is immaterial whether the prior service of process under R. L., *c.* 387, *s.* 13, was valid. The Trial Court's findings and rulings are affirmed and the order is

*Exceptions overruled.*

All concurred.