426 P.2d 623

**APACHE TANK LINES, INC.,** Cowboy Oil Company, Orville R. Stevens, Administrator of O. H. Guyman Estate, Crystal B. Guyman and Paul W. Cook, Plaintiffs and Appellants,

**v.**

**BEALL PIPE AND TANK CORPORATION,** Defendant and Respondent.

No. 10724.

Supreme Court of Utah.

April 17, 1967.

Rex J. Hanson, Salt Lake City, for appellants.

Ray R. Christensen, Salt Lake City, for respondent.

TUCKETT, Justice.

The plaintiffs filed their action in the District Court of Carbon County seeking to recover for damage to properties which had occurred on November 14, 1964, as a result of a fire, which the plaintiffs claim resulted from the negligence of the defendant. The District Court of Carbon County granted the defendant's motion to quash the service of summons. Appellant is here seeking a reversal of that order.

On or about April 24, 1964, the plaintiff, Apache Tank Lines, Inc., a corporation of the state of Idaho, purchased from the defendant, a corporation of the state of Oregon, a tank-trailer; the plaintiff, Apache Tank Lines, leased the tank-trailer to the Cowboy Oil Company. The Cowboy Oil Company was operating the tank-trailer at the time of the incident out of which this action arose. The sale of the tank-trailer was consummated outside the state of Utah.

The plaintiffs claim that the defendant was negligent in the manufacture of the tank-trailer in that it was equipped with a defective coupling which failed while the equipment was being operated by the Cowboy Oil Company at Price, Utah. Plaintiffs further claim that at the time of the purchase of the tank-trailer the defendant represented that it was reasonably fit for the purpose of transporting petroleum products, and further, that the defendant warranted to the plaintiff, Apache Tank Lines, that the equipment was reasonably fit for the use to which it was to be put, and that said equipment was of merchantable quality, all of which conditions were breached by the defendant, resulting in the damages herein complained of.

The defendant, Beall Pipe and Tank Corporation, is domiciled in the state of Oregon. A summons was served upon the defendant by serving the same upon the Secretary of State of the state of Utah.

The defendant had regularly qualified to do business in the state of Utah in May of 1961. From May, 1961, to October, 1963, the defendant maintained a salaried employee in the state of Utah and was actually engaged in business in the State. In October, 1963, defendant's employee was with-

**106**

drawn from the state of Utah, and since that date the defendant has not had an employee residing in the State. Since October, 1963, the defendant has not maintained an office in the State, nor has it maintained a telephone listing or bank account within the State, nor has it carried on other business activities except in interstate commerce.

The defendant's certificate of authority to do business within the State was revoked by the Secretary of State, pursuant to Sec. 16–10–117, U.C.A.1953, on February 28, 1964, for failure to file its report. It is the plaintiffs' contention that the defendant, once having qualified to do business within the state of Utah, remains subject to the jurisidction of the Utah courts until such time as it has voluntarily withdrawn pursuant to the provisions of Sec. 16–10–115, U.C.A.1953. This court is now faced with the problem of deciding whether a revocation of the defendant's authority to do business pursuant to Sec. 16–10–117 has the same effect as a voluntary withdrawal pursuant to Sec. 16–10–115.

The trial court found that the defendant was not present in the state of Utah at the time the purported service of summons was made upon it; that the defendant was not doing business in the state of Utah at the times complained of by the plaintiffs; and that the cause of action, if any, did not accrue during any time defendant was in fact doing business in the state of Utah. Based upon these findings, the court concluded that the service of summons should be quashed. We are in accord with the court's findings and its order.[1]

It would seem that the legislature intended the same result where a corporation takes the necessary steps to effect its withdrawal from the State and one in which a corporate charter is forfeited or revoked by reason of a failure on the part of the corporation to comply with the law permitting it to transact business in this State. It will be noted that the last sentence of Sec. 16–10–116, which is as follows: "Upon the issuance of such certificate of withdrawal, the authority of the corporation to transact business in this state shall cease," is similar to the language of the last sentence in Sec. 16–10–118, which reads as follows: "[u]pon the issuance of such certificate of revocation, the authority of the corporation to transact business in this state shall cease." However, we should point out that the defendant would be subject to the jurisdiction of Utah courts for any liabilities it may have incurred during the time it was in good standing in the state of Utah or during such time it was actually engaged in business within the State, whether qualified or not. However,

1. Bank of America v. Whitney Central National Bank, 261 U.S. 171, 43 S.Ct. 311, 67 L.Ed. 594; West Publishing Co. v. Superior Court, 20 Cal.2d 720, 128 P. 2d 777; Gerrick & Gerrick Co. v. Llewellyn Iron Works, 105 Wash. 98, 177 P. 692; Ford Motor Co. v. Arguello (Wyo.), 382 P.2d 886.

in the instant case the plaintiffs' claim for damages grew out of a transaction which occurred outside the state of Utah and at a time when the defendant had ceased to do business within the State.

The order of the court below is affirmed. Costs to the defendant (respondent).

CROCKETT, C. J., and CALLISTER, HENRIOD, and ELLETT, JJ., concur.