RAY D. LILLIBRIDGE, INC., Appellant, *v.* JOHNSON
BRONZE COMPANY, Respondent.

*Jurisdiction — corporations — foreign corporation not doing business
within State — service of summons properly set aside.*

*Lillibridge, Inc.,* v. *Johnson Bronze Co.,* 220 App. Div. 573, affirmed.
(Argued January 9, 1928; decided January 20, 1928.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered May 20, 1927, which reversed an order
of Special Term denying a motion to set aside service
of the summons and complaint and granted said motion.
Defendant is a foreign corporation having its principal
office and factory in the State where incorporated. It
has no office in New York and has not qualified to do
business in this State. This action was to recover for an
alleged breach of contract. Service of the summons and
complaint was made upon an alleged managing agent of
defendant. The facts show that he was engaged in the
business of soliciting orders for several concerns, including
the defendant. He maintained his own office and on
his own authority placed defendant's name in the tele-
phone book and on his office door followed by his name
and the word " manager."

The following questions were certified: " 1. Was the
defendant, at the time of the service of the summons
herein, doing business within the State of New York in
such a sense and in such a degree as to subject it to the
jurisdiction of the courts of the State of New York?
2. Were the duties of and the authority conferred
upon Edward Laterman, the defendant's sales agent, such
as to constitute him a managing agent of the defendant
corporation within the meaning of section 229, subdivi-
sion 3, of the Civil Practice Act? "

*Gilbert H. Montague, Joseph W. Goodwin* and *John K.
Holbrook, Jr.,* for appellant.

*E. Raymond Shepard* and *Hiram C. Todd* for respondent.

Order affirmed, with costs, on the authority of *Hamlin v. Barrett & Co.* (246 N. Y. 554). First question certified answered in the negative; second not answered.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

In the Matter of the Claim of D. A. FRENCH, Respondent, against BOULEVARD ADVERTISING CORPORATION et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — master and servant — sign painter injured from fall of scaffold — contention he was an independent contractor.*

*Matter of French* v. *Boulevard Adv. Corp.*, 221 App. Div. 831, affirmed. (Argued January 9, 1928; decided January 20, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered October 7, 1927, affirming an award of the State Industrial Board made under the Workmen's Compensation Law. Claimant, a sign painter, was injured through the falling of a scaffold on which he was working. Appellants contended that he was not an employee but an independent contractor.

*T. Carlyle Jones* and *Howard F. Barns* for appellant.

*Albert Ottinger,* Attorney-General (*E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.