SIDNEY K. JOHNSON, Plaintiff, *v.* PACIFIC STEEL BOILER COR-
PORATION and Another, Defendants.

Supreme Court, Chenango County, August 24, 1928.

Corporations — foreign corporations — motion to set aside service — service was made on sales agent in this State — sales agent was " managing agent," within meaning of Civil Practice Act, § 229 — facts show corporation is doing business here — motion denied.

The motion by the defendant to set aside the service of a summons and complaint on the ground that the defendant is a foreign corporation and is not doing business in this State and that the service made upon its sales agent herein was not valid, is denied.

The sales agent was a " managing agent," within the meaning of section 229 of the Civil Practice Act, since it appears that he was the exclusive agent within designated territory in the State of New York; that he maintained an office in the city of Buffalo which was known and maintained as the Buffalo sales office of the defendant; that the defendant's name was listed in the telephone directory; that the defendant furnished letterheads and other stationery with its name thereon; that the sales agent was paid a commission on all sales made but was required to pay all expenses of the office; and that he was not authorized to sign contracts for the defendant or sign the defendant's name, but did use the defendant's name in signing letters. The fact that the sales agent paid the expenses of the office out of his commissions is immaterial.

MOTION to set aside service of summons and complaint.

*Frank W. Barnes,* for the plaintiff.

*Hubert L. Brown,* for the defendants.

Senn, J.   The defendant Pacific Steel Boiler Corporation, appearing specially by Hubert L. Brown, its attorney, moves to set aside the alleged service upon it of the summons and complaint.

This defendant is really the Pacific Steel Boiler Corporation of Illinois, a foreign corporation, having its office, manufacturing plant and place of business at Waukegan, Ill.   There is also a corporation known as the Pacific Steel Boiler Corporation of New Jersey, having its manufacturing plant at Bristol, Penn., and its office and place of business at Waukegan, Ill.   The two corporations, as nearly as I can gather from the moving papers, have identical interests, have the same offices and, for administrative purposes, work together as one corporation.   However that may be, no question of misnomer is raised.

Defendant has never filed in the State of New York any certificate pursuant to sections 15 and 16 of the General Corporation Law * and has designated no person in the State upon whom process against it may be served and claims not to have been engaged in business in the State within the meaning of that law.

Service of the summons and complaint was made upon one Jerry A. Sullivan of Buffalo, N. Y., on the theory that he was a managing agent of the defendant.   Defendant denies that Sullivan was such agent.

In January, 1927, the defendant entered into a written agreement with Sullivan by which it appointed him its sales agent for the exclusive sale by him, in territory designated as the Buffalo sales territory, of boilers manufactured by it in its plant at Waukegan, Ill.   Sullivan agreed to maintain his principal sales office in the city of Buffalo, the office to be known and maintained as the Buffalo sales office of the Pacific Steel Boiler Corporation of Illinois; that he would operate said sales office with the necessary sales and clerical assistance and facilities for proper handling and taking care of first party's business; that in addition to the usual listing in his local telephone directory he would maintain a listing in such directory under the name of " Pacific Steel Heating Boilers."   The company agreed, when practical, to insert Sullivan's address in its advertising and to furnish, without charge, uniform letter heads with the sales agent's imprint, uniform company envelopes, uniform company inter-office letterheads, and copy sheets, business cards and such other material and articles as may be adopted by the company for use in its sales agents' offices. Sullivan was given authority only " as the representative of the first party to sell the first party's products and to see that General Boilers Company (Pacific Steel Boilers Company) service is given

─────────────────

* Added by Laws of 1927, chap. 425.— [Rep.

on jobs installed and in the operation thereof; to carry out the instructions of the first party and to refer to the first party all matters involving guarantees, contracts, or agreements that may involve expense on the first party, or any matter in violation of the policies of first party and to procure the first party's authority for orders in writing."

The contract provided for the payment of commissions to Sullivan, based on his sales for which the company had received full payment, which was to be his entire compensation for the services of himself and salesmen under him and for maintaining the office and its clerical force. The writing covered many details as to the duties of Mr. Sullivan and his relations to the company, among other things that the name of the company should not be used by him " in signing purchase orders for himself or for contracts which he may be a party to."

Pursuant to the agreement the defendant did furnish to the Buffalo office a supply of letterheads, quotation forms and other stationery. The letterheads exhibited to me on the motion were printed in black as follows: " Steel Heating Boilers — Pacific, Waukegan, Ill. — Bristol, Pa. Pacific Steel Boiler Corporation Manufacturers of Pacific Steel Heating Boilers Bristol, Pa." Below this in red letters was the following: " Buffalo Sales Office, White Building, Buffalo, New York. Telephone Seneca 1526." And at the right above the dating space: " Buffalo, New York."

This, together with any literature, confidential information or instructions which the defendant may have furnished in writing, comprised all the property of the defendant at the Buffalo office. No boilers or other products of the defendant were kept at or shipped from the Buffalo sales office.

The foregoing statement as to Sullivan's relations to the company I have taken from the contract referred to.

Sullivan did, in fact, sign letters and communications, " Pacific Steel Boiler Corporation, per J. A. Sullivan, Buffalo sales office," although not so authorized by the contract.

An affidavit made by an officer of the defendant states, among other things, that Sullivan was not invested with any general powers which involved the exercise of independent judgment and discretion and no power to make contracts in behalf of the defendant, nor to fix prices or receipt for or receive money paid to defendant; that he was only a sales agent, etc. Also that Sullivan was an independent broker of boilers on commission, selling articles for other companies besides defendant. The affidavit also states many other things concerning Sullivan's duties, powers, etc., which are either covered in the contract or are conclusions of the affiant.

47

The only question to be determined here is whether J. A. Sullivan was a managing agent of the defendant upon whom service of the summons could be made as provided in section 229 of the Civil Practice Act.

He concededly was a sales agent in charge of the Buffalo sales office of the defendant. He was so designated in the contract and the office was so designated in the contract and on the letterheads furnished. It was no less the sales office of the defendant that Sullivan paid all the expenses of maintaining it, including the clerical help. His agreement with the defendant required him to maintain it. His commissions paid him for that as well as his own personal services and expenses.

The case differs from *Lillibridge* v. *Johnson Bronze Co.* (220 App. Div. 573; affd., 247 N. Y. 548). In that case Laterman, the selling agent, was under no contract with the defendant. He maintained his own office, doing this of his own volition and for his own benefit. Upon his own authority Laterman inserted the name of the defendant in the telephone book and placed the defendant's name upon the door of his office followed by " Edward Laterman, Manager." Apparently all this was done by him to facilitate his efforts to obtain orders. The important distinction between *Lillibridge* v. *Johnson Bronze Co.* and this case is that in the former the agent had no authority to use the defendant's name in the way he did, while in the instant case he was, by his contract, required to maintain the Buffalo sales office in the defendant's name. The fact that there are otherwise points of similarity is, therefore, not decisive.

In *Tauza* v. *Susquehanna Coal Co.* (220 N. Y. 259) it was held that activities insufficient to make out the transaction of business within the meaning of section 15 of the General Corporation Law and kindred statutes, may yet be sufficient to bring the corporation within the State so as to render it amenable to process. The court said: " We are to say, not whether the business is such that the corporation may be prevented from being here, but whether its business is such that it *is* here. If in fact it is here, not occasionally or casually, but with a fair measure of permanence and continuity, then, whether its business is interstate or local, it is within the jurisdiction of our courts * * *. All that is requisite is that enough be done to enable us to say that the corporation is here * * *. If the persons named are true agents, and if their positions are such as to lead to a just presumption that notice to them will be notice to the principal, the corporation must submit."

In *Cochran Box & Mfg. Co.* v. *Monroe Binder B. Co.* (197 App.

Div. 221; affd., 232 N. Y. 503) the court, citing *International Harvester Co.* v. *Kentucky* (234 U. S. 579), said: " As to what constitutes doing business within the State, each case must depend upon its own facts to show that this essential requirement of jurisdiction exists. * * * There is no precise test of the nature or extent of the business that must be done. All that is requisite is that enough be done to enable us to say that the corporation is here. (*Tauza* v. *Susquehanna Coal Co., supra.*) "

The court held that the service of the summons on one Hutchinson, alleged agent of defendant, was good under the following circumstances: Hutchinson had a desk in a large room on the fifth floor of the Grand Central Palace, New York city. There defendant employed a stenographer who looked after Hutchinson's correspondence. It was there he received his mail but no customers came to his office to transact business. Over the desk was a sign reading: " Munroe Binder Board Co., Munroe, Mich. Container Department Manufacturers of Corrugated and Solid Fibre Shipping Cases. H. L. Hutchinson, New York Representative."

Hutchinson's duties and limitations of power were in all other respects very similar to those in the case at bar. The case was possibly stronger for the plaintiff in that the stenographer was paid for by the defendant and that Hutchinson was designated as New York representative. Still, the difference is not as great as may at first appear. As I have already pointed out, the defendant, by requiring Sullivan to maintain the office as its sales office and to pay the clerical help out of the sales commissions paid him did, in that way, maintain the office and indirectly paid the employees. Sullivan's contract obligation in this respect must, in the nature of things, have been taken into account in fixing the amount of his sales commissions. I, therefore, feel that the two cases are substantially parallel.

In *International Harvester Co.* v. *Kentucky* (*supra*) the facts were not in all respects the same as here, but this dictum seems applicable: " We are satisfied that the presence of a corporation within a State necessary to the service of process is shown where it appears that the corporation is there carrying on business in such sense as to manifest its presence within the State, although the business transacted may be entirely interstate in its character."

All things considered, I am satisfied that for the purpose of service of process, Jerry A. Sullivan was a managing agent of the defendant at the time the summons in this action was served on him. He also was a person whose position was such as to lead to a just presumption that notice to him would be notice to the defendant, within the meaning of *Tauza* v. *Susquehanna Coal Co.*

(*supra*). Apparently the fact of the service of the summons on Sullivan came to the notice of the defendant with reasonable promptness. It was probably forwarded to the defendant immediately after it was delivered to Sullivan.

The motion to set aside the service of the summons and complaint must, therefore, be denied, with ten dollars costs.

The order to be entered herein may provide for giving the defendant time to appear and plead and to make such motion relative to the complaint as he may be advised.