THE WARREN TOOL & FORGE CO. *v.* MARCUS.

(Decided February 13, 1931.)

*Mr. John A. Elden,* for plaintiff in error.
*Messrs. Roth & Roth,* for defendant in error.

MAUCK, J. Anna Marcus by her petition in the common pleas court of Trumbull county, Ohio, set up that one Max Marcus by the consideration of the Supreme Court of the County and State of New York had recovered a judgment against the Warren Tool & Forge Company; that this judgment had been assigned to the plaintiff; that no part of the judgment had been paid. Plaintiff prayed to reduce this New York judgment to a judgment in this state. The answer pleaded a lack of jurisdiction in the New York court over the person of the defendant. It averred that the defendant was a corporation organized under the laws of Ohio, and that no service of

process was ever had on it in the New York case. Trial was had without a jury, resulting in a finding and judgment for the plaintiff, which the defendant now seeks to reverse.

The record shows that service in the New York case was had by a process server leaving a summons at the office of J. C. McCarty & Company, and it is claimed for the judgment that such service was sufficient under the third paragraph of Section 229 of the Civil Practice Act of New York, which permits service on the managing agent of a corporation when some higher officer can not be found. This presents the question whether the party served was the managing agent of the defendant, and this involves the companion question whether the defendant was doing business in the state of New York.

The person actually served was a McCarty, but not J. C. McCarty. It is not shown whether such person was or was not a member of the firm of J. C. McCarty & Company. This latter company was the sales agent of the defendant, Warren Tool & Forge Company, in New York City and State, the New England States, and Pennsylvania. It handled most, but not all, the line of goods manufactured by the defendant, and received a commission on sales made. It extended no credit and all sales were subject to approval by the principal. The sales so made aggregated $200,000 in the last five years. The defendant maintains no warehouse or storeroom in New York, no bank account, and owned no property there. McCarty & Company represented other manufacturing companies in the same way. The agent without the knowledge of the principal inserted the name of the Warren Tool & Forge Company in the city and tele-

phone directories of New York City, and ascribed to it the address and telephone number of the agent at 253 Broadway. The same use was made of the defendant's name in the lobby directory of the office building in which McCarty & Company had offices. The agent had numerous employees in the office, and an outside salesman. The principal paid no part of these salaries nor any office expenses. When prospective customers in the agent's territory wrote the home office of the defendant, they were referred to McCarty & Company, and such correspondence was styled "Interoffice" correspondence. McCarty & Company in correspondence with customers would refer to the defendant's factory as "our factory." The letterheads of the defendant, among much other matter, contained the legend, "New York Office 253 Broadway." Do these facts show the presence in New York of the defendant corporation?

The cases cited are too numerous to review here. Many of them are reviewed in editorial notes found in 2 Ann Cas., 307; 11 Ann Cas., 320; Ann. Cas., 1912A, 553; and 60 A. L. R., 994.

In all border line situations each case finally turns on its own peculiar facts, and this is recognized by the highest court in the state of New York. *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y., 259, 115 N. E., 915. In that case a sales agent was held to be a managing agent for service, but the facts were that the foreign corporation in that case maintained an office in New York with salesmen and clerks, so that that case is of slight help in the instant case.

The lower courts of New York are in irreconcilable conflict. In *Ray D. Lillibridge, Inc.*, v. *Johnson Bronze Co.*, 220 App. Div., 573, 222 N. Y. S., 130,

we have an Appellate Division of the Supreme Court clearly supporting the position of the defendant and warranting the conclusion that the courts of that state would not sustain such service as that relied upon by the plaintiff herein. In the same volume (222 N. Y. S.) at page 404, 129 Misc. Rep., 687, appears another opinion, *Hartstein* v. *Seidenbach's, Inc.*, from a court of equal dignity, in a case decided within a month of the Lillibridge opinion, of contrary import, indicating that the service in the case at bar is good. Both cases were decided by divided courts. A year later followed *Johnson* v. *Pacific Steel Boiler Corp.*, 132 Misc. Rep., 735, 230 N. Y. S., 441, decided in a trial court, distinguishing the Lillibridge opinion and sustaining service in a case bearing a clear analogy to the case at bar. We consequently derived no authoritative expression from the opinions of the state courts of New York.

The federal decisions are numerous. They cannot all be reconciled except on two things. One is that the foreign corporation must be shown to have conducted its business in the foreign state in such manner as to enable the court to say that the corporation was present in such state. The other is that each case must rest upon its own facts. An eminent court of eminent judges that has given this question careful consideration, upon a state of facts strikingly similar to the case at bar, is the Circuit Court of Appeals of the United States, sitting in the city of New York, in the case of *Davega, Inc.*, v. *Lincoln Furniture Mfg. Co.*, 29 F. (2d), 164. Without herein matching the facts of that case with the facts of this case further than to observe that the facts in that case were more favorable to the parties

seeking service than in the case at bar, and without reanalyzing the authorities therein referred to, we are content to follow the *Davega case.* It is to be observed that it is not only the opinion of a court entitled to the highest consideration, but was rendered a year later than the *Hartstein case,* and later than any of the New York cases upon which the plaintiff places much reliance.

Our own federal Circuit Court of Appeals has held that solicitation by a sales agent does not bring the corporation into the state for service even though an agent is also maintained in the state to visit the purchasers of machines from time to time and to keep the machines in order and do service work generally. *Cone* v. *New Britain Machine Co.,* 20 F. (2d), 593.

In *Frink Co.* v. *Erikson,* (C. C. A.), 20 F. (2d), 707, the court was considering a sales agency that seemed to be quite as near to being managing agent of a business as McCarty & Company were in the instant case. It was shown that the principal in that case was represented in the directories, etc., and that the letterheads employed were quite as suggestive as in the case at bar. The court found: "That it is customary for manufacturing agents to place upon the door of their office and upon their windows the names of the firms whom they represent; that it is also customary for such agents to cause the names of the firms whom they represent to be listed on the bulletin board of the building in which their offices are located, and to have the names of their foreign corporations listed in the telephone directory, and to use letterheads and envelopes bear-

ing the manufacturers' name, with the address of the Boston office where the business is carried on."

It was held that such course of conduct did not constitute doing business.

Upon the authority of the federal cases cited the judgment is reversed, and the facts not being in dispute we proceed to the rendition of the judgment which we find should have been made in the common pleas, and dismiss the petition.

*Judgment reversed and petition dismissed.*

FARR and MIDDLETON, JJ., concur.

Judges MIDDLETON and MAUCK, of the Fourth Appellate District, sitting by designation in the Seventh Appellate District.