JOAN DINEEN, an Infant, by RESSA DINEEN, Her Guardian ad Litem, Duly Appointed, and RESSA DINEEN, Plaintiffs, v. UNITED AIRLINES TRANSPORT CORPORATION, Defendant.

Supreme Court, Special Term, New York County, January 26, 1938.

*Abraham I. Litwack*, for the plaintiffs.

*William A. Earl* [*Malcolm G. Bibby* of counsel], appearing specially for the defendant.

McLAUGHLIN (CHARLES B.) J. This is a motion to set aside the service of the summons and complaint upon the grounds that (a) the defendant was not doing business in this State; (b) that the person served was not a managing agent of the defendant. The action is for negligence based upon an accident alleged to have happened in Nevada.

The defendant is a Delaware corporation with its principal office in Chicago, Ill. It is engaged in the transporting of passengers, mail and express by air. It is not authorized to do business here and its nearest airport is in the State of New Jersey, but its airplanes do not traverse over the State of New York. So much for what it does not do. Let us enumerate some of the things it does in this State in connection with its business. It rents offices at 58 East Forty-second street. The building directory and that of the New York Telephone Company lists its name. It owns furniture in the building. Its employees are found there engaged in its business. They solicit business and sell tickets. It has a place for the sale of tickets by its employees in the Hotel Pennsylvania, New York city. These employees arrange for the transportation of passengers to the Newark airport through unaffiliated corporations, but the defendant receives nothing by way of remuneration, which is entirely paid to these other corporations.

No passengers, mail or express are transported within the State of New York. No plane of the defendant travels over the State of New York.

The question presented is, whether the defendant is doing sufficient business here to give this court jurisdiction. The court holds that it is not. (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259.) This is probably the leading case in this State on the question. In order to give jurisdiction the court held it was not enough to solicit orders in New York, but that it was also necessary that the goods be actually shipped into the State and delivered here. The court sees no difference between the present case and *Green* v. *Chicago, Burlington & Quincy R. Co.* (205 U. S. 530). The opinion in the latter case states that the agent sold no tickets within the State and received no payments for transportation of freight. When a passenger desired a ticket the agent would issue to him a prepaid order which gave the applicant upon his arrival at Chicago the right to

receive a ticket. In some cases the agent issued bills of lading over the defendant's line to shippers in exchange for other bills of lading, but in these bills of lading it was recited that they should not be enforced until the freight had been actually received by the defendant. This court fails to see any real distinction between selling prepaid orders entitling the applicant to receive a ticket from the defendant in another State and actually selling tickets to the applicant in the jurisdiction where the service is sought to be effected. Reading this case in conjunction with the case of *Tauza* v. *Susquehanna Coal Co. (supra)* it is clear that the defendant does not do sufficient in this State to say that it is doing business here. The defendant carries nothing into this jurisdiction. Its airplanes do not come within this State and the continuous sale of tickets does not constitute doing business and does not make the defendant subject to the jurisdiction of our courts. (*Lillibridge, Inc.*, v. *Johnson Bronze Co.*, 220 App. Div. 573; affd., 247 N. Y. 548; *Maxfield* v. *Canadian Pacific R. Co.*, 70 F. [2d] 982.) Motion to set aside service of summons and complaint is granted. Settle order.