## THE SEABOARD NO. 59.

## THE LAURENT MEEUS.

### No. A–17023.

District Court, E. D. New York.

May 2, 1945.

Foley & Martin, of New York City (John R. Stewart, of New York City, of counsel), for libelant.

Reid, Cunningham & Freehill, of New York City, for claimant.

Crowell & Rouse, of New York City, for respondent-impleaded Todd Shipyards Corporation.

Burlingham, Veeder, Clark & Hupper, of New York City (Stanley R. Wright, of New York City, of counsel), for Dalzell Towing Co., Inc.

MOSCOWITZ, District Judge.

This is a motion made by the Seaboard Sand and Gravel Corporation, owner of the scow Seaboard No. 59, the libellant herein, "for an order vacating and setting aside the order entered herein on March 8, 1945 ꞏby the Hon. Grover M. Moscowitz, withdrawing the petition of the claimant, Tanker Laurent Meeus, the answers of Todd Shipyards Corp. and the notice of appearance filed by Dalzell Towing Company, Inc., on the ground that said order entered, without notice to Libellant, is prejudicial to Libellant; or, in the alternative, for an order striking out the answer filed on behalf of Claimant, Laurent Meeus, and awarding Libellant an interlocutory decree on the ground that said answer does not set forth a defense to the libel."

The libel seeks recovery of damages resulting from a collision between the Tanker, Laurent Meeus, and libellant's scow, Seaboard No. 59, which was lying moored at an Erie Basin Pier. Claimant filed an answer admitting that on March 7, 1944, while the Seaboard No. 59 was lying moored at Section 8, Erie Basin, the Tanker, Laurent Meeus, being towed out from the Todd Shipyards, was backed into said scow, causing damage to it. Libellant excepted to claimant's answer.

Thereafter claimant's counsel advised the proctor for the libellant that the claimant was about to file a petition impleading the Todd Shipyards Corporation and Dalzell Towing Company, Inc. Such petition states that on the day of the collision the Laurent Meeus ꞏwas in possession and control of respondent, Todd Shipyards Corporation, for the making of repairs, and that the latter, desiring for its own convenience to have the ship moved to a different place, engaged Dalzell Towing Company to furnish tugs to assist in the shifting. The petition further alleges that while the tugs furnished by Dalzell Towing Company were proceeding to shift the Laurent Meeus, the ship collided with libellant's scow.

An ex parte order was signed on March 8, 1945 withdrawing the petition impleading the Todd Shipyards Corporation and Dalzell Towing Company and withdrawing the papers filed by the two impleaded parties. The libellant had no notice of the ꞏapplication for such order. The libellant seeks to have the order of March 8, 1945 vacated on the ground that it did not receive notice of the application upon which the order was made. Notice of the entry of the ex parte order was given to the libellant.

The ex parte order was improperly made. The libellant received no notice of the application for the order. The impleading was pursuant to Admiralty Rule 56, 28 U.S.C.A. following section 723, the pertinent portion of which is as follows: "Thereupon such process shall issue, and if duly served, such suit shall proceed as if such vessel or person had been originally proceeded against."

Rule 56 expressly provides that the suit shall proceed as if the vessel or person had been originally proceeded against. When a person or vessel is impleaded under this Rule, the case should be treated as if the libel had originally been filed against both. See Cuneo Importing Co. v. American Importing & T. Co., 2 Cir., 247 F. 413; The G.L. 40, 2 Cir., 66 F.2d 764; The Providence, D.C., 293 F. 595.

Motion granted.

Settle order on notice.