## LEAKLEY et al. v. CANADIAN PACIFIC EXPRESS CO.

No. 5977–A.

United States District Court

D. Alaska.
First Division.
March 8, 1949.

William L. Paul, Jr., of Juneau, Alaska, for plaintiffs.

R. E. Robertson, of Juneau, Alaska, for defendant.

FOLTA, District Judge.

By this action the plaintiffs seek to recover damages in the sum of $690 resulting from an alleged breach of contract on the part of defendant to transport three foxes from the Province of Saskatchewan, Canada, to Wrangell, Alaska.

The defendant, appearing specially, has moved to quash the service of summons made on the Clerk of this Court under Section 55-4-6, A.C.L.A. 1949, on several grounds, the principal of which is that at the time of said service defendant was not and had not been doing business in the Territory. In support of its motion defendant filed affidavits to the effect that the defendant maintains no office and has no employee in Alaska and that the defendant's business is limited to the sale of its money orders by Harry H. Davies of Juneau who remits the proceeds, less his commission, to the defendant.

Plaintiff's counteraffidavit, made on information and belief, alleges that in the regular course of its business defendant makes contracts of the kind out of which this action arose for the transportation of express over its own lines and those of other carriers, including the Railway Express Agency of Alaska. This averment is apparently predicated on the proposition that such connecting carrier becomes the agent of the initial carrier, the defendant in this case. But from what was said in St. Louis Southwestern Railway Co. v. Alexander, 227 U.S. 218, 227, 33 S.Ct. 245, 247, 57 L.Ed. 486, it would appear that this proposition is untenable. In discussing the Carmack amendment, 49 U.S.C.A. § 20 (11, 12), in an identical situation, except for the fact that the carrier here is an alien corporation, the Court said:

"In the court below it was adjudged that the so-called Carmack Amendment, under the circumstances here detailed, had had the effect of making the corporation liable to suit in New York, and, because of the agency within New York of the connecting carrier, effected by that statute, must be held to be there present and subject to service of process. * * *

"The provisions of the amendment had the effect of facilitating the remedy of the shipper by making the initial carrier responsible for the entire carriage, but the amendment was not intended, as we view it, to make foreign corporations through connecting carriers liable to suit in a district where they were not carrying on business in the sense which has heretofore been held necessary to confer jurisdiction."

The precise question presented, therefore, is whether the sale of defendant's money orders by a factor constitutes the doing of business by the defendant under Section 55-4-6, A.C.L.A. 1949, which, so far as pertinent to this controversy, provides:

"The summons shall be served by delivering a copy thereof, together with a copy of the complaint prepared and certified by the plaintiff, his agent or attorney, or by the clerk of the court as follows: * * * if the action be against a foreign corporation doing business in the Territory, if it has not appointed as a statutory agent upon whom service can be made, or if it has appointed such statutory agent and service cannot be made upon such agent, then to the person having control of the business of

such foreign corporation or upon the Clerk of the District Court of the division, in which such corporation is doing or has been doing business. * * *"

■ Whether a foreign corporation is doing business in such a manner as to become amenable to local process is ultimately a federal question upon which federal decisions are controlling. While no all-embracing rule has been laid down, the Supreme Court has repeatedly stated that the business must be of such a character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served, pointing out on one occasion that the jurisdiction taken of foreign corporations does not rest upon a fiction of constructive presence, like qui facit per alium facit per se, but flows from the fact that the corporation itself does business in the state or district in such a manner and to such an extent that its actual presence is established. Bank of America v. Whitney Cent. Nat. Bank, 261 U.S. 171, 43 S.Ct. 311, 67 L.Ed. 594.

■ An examination of the cases warrants the conclusion that the facts here are insufficient to show that the defendant was doing business in Alaska even though it is assumed that the sale of its money orders was a part of and not incidental to its regular business. They uniformly hold that the sale of railroad tickets of a foreign railroad or steamship line operating entirely outside of the state, by a local broker or connecting carrier, without more, is insufficient to constitute the doing of business so as to make such foreign corporation amenable to process, Philadelphia & Reading Railway Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; Peterson v. Chicago R. I. & P. Ry. Co., 205 U.S. 364, 27 S.Ct. 513, 51 L.Ed. 841; Gloeser v. Dollar S.S. Lines, 192 Minn. 376, 256 N.W. 666, 95 A.L.R. 1470; even though the defendant's name appears on the door of the local office, General Investment Co. v. Lake Shore & M. S. Ry. Co., 6 Cir. 250 F.160; Chase Bag Co. v. Munson Steamship Line, 54 App.D.C. 169, 295 F. 990; Goepfert v. Compagnie Generale Transatlantique, C.C., 156 F. 196, or an office is maintained for the solicitation of business and for the sale of prepaid orders or tickets over its lines, Green v. Chicago B. & Q. Ry. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916. Incidently, it may be noted that it was held in Dineen v. United Airlines Transport Corp., 166 Misc. 422, 2 N.Y.S.2d 567, that such orders are not to be distinguished from the tickets themselves.

The circumstance that the foregoing decisions deal with the sale of tickets or prepaid orders for tickets by a factor or broker does not detract from their force as precedents, for, whether the business consists of the sale of tickets or prepaid orders for them or money orders, the character of the business, so far as amenability to process is concerned, is essentially the same. Accordingly, the sale of money orders of the Hanover National Bank of New York by a local bank was held insufficient to constitute the doing of business by the New York corporation in the State of Washington. Krause v. Hanover National Bank, 143 Wash. 518, 255 P. 934.

■ The underlying principle of these decisions is that where the relationship is that of principal and factor, without more, the business done is that of the factor rather than that of the principal, from which it follows that the character of the activity or business is of little significance. Bank of America v. Whitney Cent. Nat. Bank, 261 U.S. 171, 43 S.Ct. 311, 67 L.Ed. 594; Falls Rubber Co. v. La Fon, Tex. Com.App., 256 S.W. 577; Republic Steel Corporation v. Atlas Housewrecking and Lumber Corporation, 232 Mo.App. 791, 113 S.W.2d 155; International Fuel Service Corporation v. Stearns, 304 Pa. 157, 155 A. 285; City of Atlanta v. York Mfg. Co., 155 Ga. 33, 116 S.E. 195; Rockmore Co. v. Hoffenberg & Co., — Misc. —, 81 N.Y.S. 2d 201; Annotation 18 L.R.A., N.S., 138; L.R.A.1916F, 335.

■ The conclusion, therefore, appears inescapable that the sale of money orders of a foreign corporation by a factor is insufficient to subject such corporation to local process, particularly where, as here, the action does not arise out of the very activity carried on locally—that of issuing money orders. Where it does so arise, it

is a circumstance which may be accorded considerable weight. International Shoe Co. v. Washington, 326 U.S. 310, 317, 320, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057.

Maxfield v. Canadian Pacific Ry. Co., 8 Cir., 70 F.2d 982, cited by defendant, would appear to be overruled by International Shoe Co. v. Washington, supra. Alaska Commercial Co. v. Debney, 9 Cir., 144 F. 1, cited by plaintiff, is readily distinguishable upon the facts from the instant case.

I am of the opinion that the motion to quash must be granted.