**PATEL COTTON CO., Limited, v. The STEEL TRAVELER et al.**

United States District Court
S. D. New York.

Sept. 22, 1952.

Hill, Rivkins & Middleton, New York City, for libellant.

Crowell & Rouse, New York City (George L. Varian, New York City, of counsel), for respondent, Todd Shipyards Corp.

Kirlin, Campbell & Keating, New York City, for respondent, Isthmian S. S. Co.

Purdy, Lamb & Catoggio, New York City (Vincent A. Catoggio, New York City, of counsel), for respondents-impleaded, Anderson Clayton & Co., Inc. and Gulf Atlantic Warehouse Co. Inc.

IRVING R. KAUFMAN, District Judge.

Three motions are before me. In the first, respondent-impleaded, Anderson Clayton & Co., Inc. (hereafter referred to as "Clayton") excepts to the petition of respondent, Todd Shipyards Corporation (hereafter referred to as "Todd"), upon the ground that "on the facts recited" in that petition "the petitioner is not entitled to any relief against the respondent-impleaded Anderson Clayton & Co., Inc."

Libellant brings this action to recover for damage to a cargo of cotton which resulted from a fire occurring on the S/S Steel Traveler while the vessel was undergoing repairs in the Todd Shipyard in Houston, Texas. Libellant is the consignee of the cargo. By setting up separate causes of action, libellant sues the steamer and its owner in a cause of bailment, and in the second cause of action for deviation. In the third cause of action against the steamer, her owners and Todd Shipyard, libellant sues for negligence. Todd's impleading petition alleges that the fire and any damage to the cotton shipment was "the result of fault and neglect of respondent-impleaded Anderson Clayton & Co., Inc. * * * in the compressing and baling of said cotton, the care and custody thereof prior to and subsequent to loading the same on board the S/S Steel Traveler and to inherent vice of said shipment * * *". Libellant has stipulated that it "has sought and will seek no direct relief in the instant suit from the respondents-impleaded * * *".

Admiralty Rule 56, 28 U.S.C.A. provides in part that "In any suit * * * the claimant or respondent (as the case may be) shall be entitled to bring in any other vessel or person * * * who may be partly or wholly liable either to the libellant or to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter. * * *" Since libellant by its stipulation has refused the tender of the additional respondent for which the rule provides, the disposition of this exception will be governed by whether there will be any liability "by way of remedy over" on the part of Clayton to Todd should libellant be successful against Todd. In short, "in support of such a petition it must be made to appear that, assuming some liability may be fastened upon the petitioner as a result of the proceeding, the party sought to be brought into the case will in turn be liable to respond to the demand of the

former." The Canadian Farmer, D.C.S.D. Cal.1923, 290 F. 601, 603.

Since I am bound to accept as true the allegations of the impleading-petition, Lyons-Magnus, Inc., v. American-Hawaiian S. S. Co., D.C.S.D.N.Y.1941, 41 F. Supp. 575, this exception fails. Paragraph eleventh of the impleading-petition clearly states that "if said libelant should recover from petitioner, then that petitioner should have recovery over therefor against said respondents-impleaded". This allegation states a claim over against the respondent-impleaded. The exception is overruled.

In the second motion, the respondent-impleaded, Gulf Atlantic Warehouse Co., Inc., moves to dismiss the libel and impleading-petition against it on the ground that this court cannot obtain jurisdiction over it since it is not "present" within the district. Gulf is a Delaware corporation whose business consists of processing cotton and operating warehouses and wharfs in Texas, Tennessee, Louisiana, Georgia and Alabama. It is not authorized to do business in New York state. Its sole activity within the state is soliciting large amounts of business through an independent solicitor who maintains his own office within the state, pays his own expenses, represents several other concerns and is paid on the basis of commissions. This solicitor has no power to consummate any transactions on behalf of the company. The company's name is listed in the New York telephone directory giving the solicitor's address and telephone number. Service was had on this solicitor as "general agent" for the company. The cause of action sued upon did not arise out of any occurrence within the state.

No admiralty rule governs the questions presented here, but the admiralty practice is substantially similar to that existing under Federal Rules of Civil Procedure, rule 4(c, d, e, f), 28 U.S.C.A. 2 Benedict on Admiralty, (6th Ed.) § 280, p. 336. Under that rule the validity of service in the absence of statute depends upon local state law. The New York Court of Appeals has held on facts practically identical with those in the case at bar that service on an independent solicitor is not service on a foreign corporation. Ray D. Lillibridge, Inc. v. Johnson Bronze Co., 1928, 247 N.Y. 548, 161 N.E. 177. Indeed, no case has been found in New York or the federal courts where mere solicitation by an independent solicitor has been held sufficient to support jurisdiction over a foreign corporation where the cause of action was unrelated to the solicitation and did not arise out of any occurrence in the state, Landell v. Northern Pacific Ry. Co., D.C.D.C. 1951, 98 F.Supp. 479, although I recognize, as Judge Learned Hand suggests in Bomze v. Nardis Sportswear, 2 Cir., 1948, 165 F.2d 33, that the New York courts hold that once a foreign corporation is "present" within the state, it matters not that the cause of action sued upon is unconnected with that "presence".

International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 317, 66 S. Ct. 154, 158, 90 L.Ed. 95, laid down the principle that for constitutional purposes a corporation will be "doing business" if it has such contacts with the forum state "as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there." However, that case merely determines how far a state may go in exercising jurisdiction over foreign corporations. It does not compel a state to go as far as the constitution would permit, Bomze v. Nardis Sportswear, supra, and this forum has not gone as far as we are urged to go. The motion to quash is granted.

The last motion is brought by Todd to vacate an *ex parte* order entered on May 14th, 1952, pursuant to a stipulation between libellant and respondents-impleaded. The stipulation provided that libellant "has sought and will seek no direct relief in the instant suit from the respondents-impleaded * * * and that the said respondents-impleaded will not be required by the libellant to make answer to the allegations of the libel * * *." Judge Weinfeld so ordered the stipulation.

Admiralty Rule 56, 28 U.S.C.A., plainly requires that an impleaded-respondent must answer the libel. A party impleaded under the rule is in the same position as one who

"had been originally proceeded against." Todd, therefore, has a substantive right under the rule to have respondents-impleaded answer the allegations in the libel. This right may not be divested by the entry of an order without notice to Todd. For a similar situation where an *ex parte* order was set aside see The Seaboard No. 59, (The Laurent Meeus), D.C.E.D.N.Y.1945, 61 F.Supp. 462. The motion to set aside the *ex parte* order is granted.

Settle order in conformity with this opinion.