CAMERINO

v.

INTRA-MAR SHIPPING CORP.

ASSICURAZIONI GENERALI-SOCIETA PER AZIONI et al.

v.

INTRA-MAR SHIPPING CORP.

United States District Court
S. D. New York.

Nov. 30, 1953.

Bingham, Englar, Jones & Houston, New York City, for libelants.

Hill, Rivkins & Middleton, New York City, for respondent.

MURPHY, District Judge.

This is a motion by libelants for an order vacating orders of discontinuance of the impleading petitions and requiring respondents-impleaded to answer the libels. The present actions involve suits in Admiralty brought by underwriters and owners of cargo based on bills of lading issued by respondent in July 1949, for carriage of certain cargo on board the S. S. Emin from New York and Philadelphia to Naples, Genoa, Trieste and Fiume. The vessel never did arrive at the ports of destination. Respondent abandoned the voyage and cargo at Oran. To minimize the loss, owners and underwriters of cargo paid the salvage lien on the cargo and arranged for discharge and forwarding of the cargo to its destination. Libelants seek recovery of the expenses thus incurred, as well as loss and damage which occurred while the cargo was in control of respondent.

On November 1, 1951, respondent impleaded certain underwriters which it alleged insured its legal liability to cargo owners in connection with the voyage involved herein. On January 23, 1952, the impleaded-respondents filed general appearances.

On August 25, 1953, without notice to and without the knowledge or consent of libelants, respondent and the impleaded-respondents signed and filed stipulations of discontinuance of the impleading petitions, whereupon the Clerk of the Court ordered the petitions dismissed. The present motion presents the question of the propriety of the ex parte orders of discontinuance.

■■ We find it unnecessary to resolve the question whether underwriters impleaded by respondents may be retained as parties-litigant upon insistence of libelants when both the underwriters and respondents are agreeable to discontinuance and the impleader of the underwriters in the first place was on motion of respondents and not that of libelants. Nor do we find it necessary to pass upon the question whether respondents-impleaded should answer the libels. Cf. Rule 56, Admiralty Rules, 28 U.S.C.A., with Seaboard Sand & Gravel Corp. (Seaboard No. 59) v. The Laurent Meeus, 1945 A.M.C. 1295. It is conceded that the order of discontinuance, whether to be granted or not on consent of libelants, can be had only on notice to them and not *ex parte*. The Seaboard No. 59 (The Laurent Meeus), D.C., 61 F.Supp. 462, 1945 A.M.C. 1293; Patel Cotton Co. v. The Steel Traveler, D.C., 107 F.Supp. 191. Ever mindful of the procedural requirements of the due process clause of the Fifth Amendment, this court has not yet been able to indulge itself in *ex parte* judicial proceedings, and consequently cannot look upon the omission in this case as mere technicality.

On this motion the exceptions to the libels are not properly before the court.

Motion to vacate orders of discontinuance is granted.