**SOUTHWESTERN SUGAR & MOLAS-SES COMPANY, Inc., Libelant,**

v.

**The ELIZA JANE NICHOLSON, her engines, etc., and Bernuth, Lembcke Co., Inc., et al., Claimant-Respondent, Respondent-Impleaded and Petitioner.**

**SOUTHWESTERN SUGAR & MOLAS-SES COMPANY, Inc., Libelant,**

v.

**The HULL UNDERWRITERS ASSOCIA-TION, Ltd., and Kenneth Lloyd Lancashire, et al., Respondents-Petitioners.**

United States District Court.
S. D. New York.
Feb. 16, 1956.

See also D.C., 126 F.Supp. 666.

Crowell & Rouse, New York City, for libelant.

Kirlin, Campbell & Keating, New York City, for Bernuth, Lembcke & Co., Inc., Michael F. Whalen, Alexander E. Rugani, New York City, of counsel.

Mendes & Mount, New York City, for the Hull Underwriters Association, Ltd., and Kenneth Lloyd Lancashire.

Burlingham, Hupper & Kennedy, New York City, for General Molasses Co.

Werner Galleski, New York City, for Domestic Concentrates, Inc.

McGOHEY, District Judge.

On or about January 18, 1952, Bernuth, Lembcke Co., Inc., and the General Molasses Co., both New York corporations, entered into a contract of charter party, wherein the former agreed to let and the latter to hire the S/T Eliza Jane Nicholson for the carriage of a full cargo of ·molasses from Antwerp, Belgium, or Vlaardingen, Netherlands, to a United States North Hatteras port to be designated in the bill of lading. On February 10, 1952, at Vlaardingen, Netherlands, there was delivered to the vessel a quantity of beet molasses to be delivered to the order of Domestic Concentrates, Inc., another New York corporation, at Philadelphia. According to the bill of lading issued on that day by the Master of the S/T Eliza Jane Nicholson, the quantity of beet molasses delivered to this vessel was 2.017.134 kilos (approximately 2292.5 tons). Impleading petitions challenge the accuracy of the bill of lading.

The Southwestern Sugar & Molasses Company, Inc., which became the owner of the cargo and entitled to delivery, filed two libels which were later consolidated. The first is against the vessel and its then owner, Bernuth, Lembcke Co., Inc., and contains two counts. Count one alleges that when tendered, the cargo was in a seriously short and contaminated condition, causing the libelant approximately $75,000 in damages. Count two realleges the foregoing and also avers that at the time of delivery the libelant had approximately 2,552,816 lbs. of sound, merchantable beet molasses in a shore tank which became contaminated and unmerchantable because of wrongful admixture with the contaminated cargo discharged by the vessel, to libelant's further damage in the sum of approximately $37,500. The second libel is against the cargo underwriters, who impleaded Bernuth, Lembcke Co., Inc., to recover under insurance policies for cargo damage only. Bernuth, Lembcke Co., Inc., served substantially identical impleading petitions upon Domestic Concentrates, Inc., in both suits. Exceptions to the petitions pursuant to Admiralty Rule 56, 28 U.S. C.A., are presently before the court. They object to the petitions because (1) the obligation, if there is one, of Domestic Concentrates, Inc. to Bernuth, Lembcke Co., Inc. is not within admiralty jurisdiction and (2) the petitions fail to comply with the requirements of Admiralty Rule 56. The second objection is without merit. Patel Cotton Co. v. The Steel Traveler.[1]

■■ Turning now to the jurisdictional point raised by the first objection, in this circuit the view is that if the obligation running from a third party to the petitioner is maritime in character, the third party may properly be impleaded under the 56th Rule. Otherwise the petitioner and the impleaded party must be remitted to their rights and remedies at law. 2 Benedict, Admiralty § 350 (6th ed. 1940), and cases cited therein. It is necessary therefore

1. D.C., 107 F.Supp. 191.

to determine whether the petitions, which must be taken as true for purposes of this motion, Lyons-Magnus, Inc., v. American-Hawaiian S. S. Co.,[2] sufficiently allege a maritime obligation owing from Domestic Concentrates, Inc. to Bernuth, Lembcke Co., Inc. For the reasons stated hereinafter, I think they do.

■ The substance of the first allegation is that since Domestic Concentrates' statement of quantity was relied on in making out the bill of lading, it must indemnify the petitioner for any damages the latter is directed to pay as a result of an inaccurate statement of quantity in the bill of lading. Necessarily implicit in this allegation is an averment that Domestic Concentrates, Inc. furnished the master with an inaccurate statement as to the quantity. Accepting, as I must, the statement that the quantity as furnished by Domestic Concentrates, Inc. was inaccurate, I find that the obligation of Domestic Concentrates, Inc. to Bernuth, Lembcke Co., Inc. is that of a guarantor under section 3(5) of the Carriage of Goods By Sea Act, clearly a maritime obligation, 46 U.S.C.A. § 1303 (5).[3]

■■ The substance of the other allegation is that if the petitioner is liable for damages to the cargo because Domestic Concentrates, Inc. "knowingly tendered to the petitioner, molasses deficient in brix and sucros content and otherwise deficient and defective without disclosure thereof," the petitioner has a right of recovery over. Domestic Concentrates, Inc. argues that the word "knowingly" makes this allegation sound in fraud and that such "extracontractual liability" is outside the jurisdiction of this court. I do not agree. The allegation clearly asserts a right of recovery over; the word "knowingly" in the context in which it is used here is only innocuous surplusage. Furthermore, the prayer for relief seeks indemnity, not damages. Therefore, this allegation amounts to an averment that Domestic Concentrates, Inc. shipped defective goods on the petitioner's vessel, thereby giving a right of indemnity to the petitioner for any damages it is required to pay as a result of injury to the cargo caused by the shipper's wrongful act. Assuming, as I must, that the goods were defective when delivered to the vessel, I find that the obligation alleged to be owed the petitioner by Domestic Concentrates, Inc. is one of indemnity imposed by the general maritime law, or implied from the Carriage of Goods By Sea Act.[4] Whether or not such an obligation of indemnity is owed by a shipper who delivers defective goods to a vessel for transport is immaterial on this motion. It suffices that if such obligation exists, it must be maritime in character. It is also immaterial for present purposes that no question of indemnity for damages awarded for injury to the cargo may ever arise in this litigation because if libelant's damages were caused by inherent defects in the cargo, the petitioner may have a valid defense under section 4(2) of the Carriage of Goods By Sea Act,[5] which excepts a vessel and its owner from liability for damages occasioned by certain specified causes.

The exceptions to the impleading petitions are overruled.

Settle order.

---

2. D.C., 41 F.Supp. 575.

3. The pertinent part of § 3(5) reads as follows: "The shipper shall be deemed to have guaranteed to the carrier the accuracy at the time of shipment of the marks, number, quantity, and weight, as furnished by him; and the shipper shall indemnify the carrier against all loss, damages, and expenses arising or resulting from inaccuracies in such particulars. * * *"

4. 46 U.S.C.A. §§ 1300-1315.

5. 46 U.S.C.A. § 1304(2).